# IN THE MATTER OF JOSÉ TORO VELEZ, Bankrupt.

---

San Juan, Bankruptcy, No. 56.

PREFERENCE IN BANKRUPTCY.

Bankruptcy—Judicial District—Division—Absence of Judge.

    1. Porto Rico is a judicial district, and there are no divisions, properly so-called, thereof; and, while the judge is in Porto Rico, a deputy clerk of the court cannot legally certify that the judge is not within one of the divisions of the district.

Bankruptcy—Rule to Show Cause—Contempt.

    2. A proceeding to show cause is a summary proceeding, and the offense is punishable as a contempt. A referee in bankruptcy has no authority to issue a rule to show cause, to persons who claim property of the bankruptcy, why they should not deliver it to the bankrupt's trustee. If the trustee has a right to property over against other claimants, he must proceed by plenary suit.

Bankruptcy—Controversies at Law and in Equity—Proceeding in Bankruptcy.

    3. Under § 23a of the Bankruptcy Act, United States courts have jurisdiction of all controversies at law and in equity as distinguished from proceedings in bankruptcy, and if a bankrupt's trustee wishes to recover property from claimants holding adversely to the bankrupt he must proceed in the same manner as if bankruptcy proceed-

In the Matter of Velez.

ings had not been instituted, and cannot proceed by a proceeding in bankruptcy.

Opinion filed December 21, 1916.

---

*Mr. R. V. Perez Marchand* for Blasini, trustee.

*Mr. Ramón Dapena* for respondents.

HAMILTON, Judge, delivered the following opinion:

This cause comes before the court upon a petition to review the action of Referee T. E. Lee at Ponce. It seems that there was a suit against José Toro Velez in the local court at Ponce in which certain personal property was attached. During the progress of the case creditors of José Toro Velez filed a petition in bankruptcy. Afterwards, these creditors effected a composition with José Toro Velez, and thereupon the involuntary proceedings were dismissed and the property attached was turned over to them. José Toro Velez himself filed in this court a proceeding in voluntary bankruptcy, and the trustee therein applied to the referee to have the creditors in composition turn over to him the property received by them as above. The deputy clerk of this court at Ponce certified that the judge was not within the Ponce division, and thereupon Referee Lee, upon petition of the trustee, issued a rule upon the creditors in composition to show cause why they should not deliver the goods, received as above, to the trustee. The referee granted the trustee's petition, and directed the creditors to turn over the property,

whereupon the creditors in composition filed this petition of review.

1. There seems to have been a misapprehension as to the powers of the referee under § 38 (3) of the Bankruptcy Act of 1898. This gives the referee certain powers upon proper certificate of the absence of the judge from the division in question. Porto Rico is a judicial district, and as a matter of convenience Congress has appointed San Juan and Ponce as places for sessions of the court. As a matter of convenience San Juan, Ponce, and also Mayaguez may be spoken of as divisions, but this is not technically correct. The act of Congress does not divide Porto Rico into divisions, and the provision in § 33 is not applicable. This judge was not at the time in question absent from the judicial district or any division of the district. This point is perhaps not material, as the case is now before the court anyhow, but may be mentioned for future guidance of the officers of the court.

2. The immediate question to be decided is not as to the court, but the procedure in the court. It may be that Congress has power, under the clause in the Constitution giving the right to legislate in bankruptcy, to prescribe summary proceedings which would be forbidden in other cases, but at least Congress has not so legislated. A proceeding to show cause is a summary proceeding, and the offense is punishable as a contempt. If the trustee has a right to certain property over against other claimants, he cannot proceed except in the usual manner,—what is in Porto Rico called a plenary suit,—and the fact that the claimants are persons who may or may not be creditors of the bankrupt can make no difference if their claim antedates the petition in bankruptcy. There may be by the terms of the statute

### In the Matter of Velez.

summary proceedings against the bankrupt himself, compelling him to disclose or turn over property which is subject to bankruptcy jurisdiction, and it may apply to parties interfering with the process or officers of the court. This does not apply to other claimants of property, merely because, if recovered, it will be subject to bankruptcy jurisdiction. In other words, summary proceedings are confined to proceedings in bankruptcy as distinguished from controversies at law or in equity.

3. The crucial question now comes up whether this court has jurisdiction over the matter at bar under any circumstances. Section 23a gives United States courts jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent as though the bankruptcy proceedings had not been instituted, and such controversies had been between the bankrupt and such adverse claimants. Whether the trustee could bring a plenary proceeding in this court under this provision might be a subject for his consideration. The view of the referee was that the court, whether referee or judge, has jurisdiction of this matter as a proceeding in bankruptcy, that is to say, a proceeding as between the bankrupt's estate and his creditors. The creditors in composition deny that they are any longer creditors, and claim that they are bona fide purchasers under article 1717 of the Civil Code of Porto Rico, which is as follows:—

"A compromise has, with regard to the parties, the same authority as res judicata; but summary proceedings shall not be proper except when the fulfilment of a judicial compromise is in question."

The section cited from the Civil Code, it may be observed, has no application to the case. That governs the relations of individuals in their ordinary business relations. These cease when bankruptcy occurs, and the national law is exclusive in its application. The question in this case, therefore, is, What is the Bankruptcy Law under the present circumstances?

There was an involuntary bankruptcy proceeding against the present bankrupt, and this was terminated by a compromise which was approved by the court and the proceedings dismissed. The discharged bankrupt has now instituted voluntary proceedings, and there are for the purposes of this case other creditors than the compromise creditors to be dealt with. The point in the mind of the referee is that the two proceedings are to be considered as one, or at least in pari materia. They both relate to the property of one and the same man, José Toro Velez. There cannot be two bankruptcies of the same man within six years of each other; but in this case the first proceeding was terminated in a compromise, and so the law would not be violated. If there had been only one proceeding, and certain creditors, at the time supposed to be the only ones, had made an arrangement with the alleged bankrupt whereby they got possession of all or the major part of his property, there can be no doubt that, upon the interposition of other creditors within the legal time, say one year, the court would set aside the original composition and by proper proceedings direct the first creditors to refund. Whether these should be summary or plenary need not at present be decided, but they would be proceedings in bankruptcy and carried out before this court. In the case supposed it would not be a controversy between the trustee and adverse claimants, to be carried out under §§ 60b, 67e, or 70e. It would be a proceeding

In the Matter of Velez.

in bankruptcy under § 23a.   There is also the question whether the compromise is in rem and res judicata as to all creditors.

The present pleadings are not based upon this theory of the situation, and so the final decision must be reserved until the question is directly before the court.   For the present it is sufficient to say that the referee had no jurisdiction to institute the summary proceeding, and that the trustee must proceed by some apt application in this court.

The review is granted, and the matter returned to the referee for proceeding in accordance with this opinion.

It is so ordered.